# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Rochelle Reynolds

**DEFENDANTS**

Temple University - Of The Commonwealth System Of Higher Education

**(b)** County of Residence of First Listed Plaintiff   <u>Philadelphia County</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   <u>Philadelphia County</u>
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan D. Gilman, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101et seq.; 43 P.S. §951 et seq.; Phila. Code § 9-1100, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her disability.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
09/18/2025

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Rochelle Reynolds | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Temple University - Of The Commonwealth | : | NO. |
| System Of Higher Education | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| 09/18/2025 | *[signature]* | Plaintiff, Rochelle Reynolds |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-827-5101 | gilman@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: ___Philadelphia, PA_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?          Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

### Civil Litigation Categories

***A.*** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

***B.*** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROCHELLE REYNOLDS**<br>Philadelphia, PA 19126<br><br>*Plaintiff,*<br><br>v.<br><br>**TEMPLE UNIVERSITY – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION**<br>1801 N. Broad St.<br>Philadelphia, PA 19122<br><br>*Defendant.* | **CIVIL ACTION NO.**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

I.     **INTRODUCTION**

Plaintiff, Rochelle Reynolds ("Plaintiff"), brings this action against her former employer, Temple University – Of The Commonwealth System Of Higher Education ("Defendant" or "Temple"). Plaintiff, a nine (9) year, high-performing employee of Defendant, was terminated while she was on medical leave for surgery related to her disability, after Defendant failed to properly process Plaintiff's Family Medical Leave Act ("FMLA") paperwork and then used Plaintiff's medically necessary absence and requests for reasonable accommodations as a pretext to terminate her employment. Defendant's discriminatory and retaliatory conduct, along with its interference of Plaintiff's FMLA rights, violated the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the FMLA, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1101, *et seq.* ("PFPO"). Plaintiff seeks all damages allowable under

1

law, including economic damages, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief under applicable federal, state, and local laws that this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff is an individual and resident of the Commonwealth of Pennsylvania.  She resides in Philadelphia, Pennsylvania 19126.

2.    At all times material hereto, Plaintiff was "disabled" in that she suffered from an impairment, which substantially limited one or more or her major life activities, had a record of impairment and/or was regarded as having such impairment.

3.    Plaintiff was employed with Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve (12) month period before requesting FMLA leave in 2023.

4.    Defendant Temple University – Of The Commonwealth System Of Higher Education is a Pennsylvania corporation with a principal place of business located at 1801 N. Broad St., Philadelphia, Pennsylvania 19122.

5.    At all times material hereto, Plaintiff worked for Defendant's Office of Research Administration within its Lewis Katz School of Medicine, located at 3420 N. Broad St., Philadelphia, Pennsylvania 19140.

6.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and the City of Philadelphia.

7.    At all times material hereto, Defendant employed more than fifty (50) individuals within a seventy-five (75) mile radius of Plaintiff's workplace.

8.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.    At all times material hereto, Defendant acted as an employer within the meaning of the statutes that form the basis of this matter.

10.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes that form the basis of this matter.

## III.    JURISDICTION AND VENUE

11.    The causes of action that form the basis of this matter arise under the ADA, FMLA, the PHRA, and the PFPO.

12.    The District Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

13.    The District Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

14.    The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

15.    The District Court has supplemental jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. § 1367.

16.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims have occurred within this District.

17.    On or about February 28, 2024, Plaintiff filed a Complaint of Discrimination with the Philadelphia Commission on Human Relations ("PCHR"), complaining of the acts of

3

discrimination alleged herein. This Complaint of Discrimination was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as **Exhibit A** is a true and correct copy of Plaintiff's Complaint of Discrimination (with personal identifying information redacted).

18.    On or about December 20, 2024, the PCHR issued Plaintiff a Dismissal and Notice of Rights regarding her Complaint of Discrimination. Attached hereto, and marked as **Exhibit B**, is a true and correct copy of the Dismissal and Notice of Rights (with personal identifying information redacted).

19.    On or about July 10, 2025, the EEOC issued the Plaintiff a Notice of Right to Sue for her Complaint of Discrimination. Attached hereto, and marked as **Exhibit C**, is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

20.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    <u>FACTUAL ALLEGATIONS</u>

21.    Plaintiff first began working at Defendant in or around October 2014.

22.    Plaintiff consistently performed her job duties in a highly competent manner.

23.    Plaintiff last held the position of Clinical Contract and Budget Administrator for Defendant's Office of Research Administration within its Lewis Katz School of Medicine.

24.    Plaintiff last reported to Karen Gosik ("Gosik"), Director Clinical Research Administration.

25.    Gosik reported to Joanne Cortese ("Cortese"), Assistant Dean, Research Administration, and Cortese reported to Amy Goldberg, Dean of Defendant's Lewis Katz School of Medicine.

26.     In June 2023, Plaintiff received an Exceeds Expectations performance review rating.

27.     On July 3, 2023, Plaintiff learned that she would need to undergo foot surgery due to bunions and a possible related foot condition.

28.     In mid-July 2023, Plaintiff informed Gosik of her need for foot surgery on August 9, 2023.

29.     Plaintiff stated to Gosik that she would be out of work on medical leave, due to the surgery and recovery, and that Plaintiff planned to return to work on August 21, 2023.

30.     In late July 2023, Plaintiff's foot surgery was moved from August 9, 2023 to August 10, 2023.

31.     On or about July 31, 2023, Plaintiff told Gosik that her foot surgery was moved to August 10, 2023, and reiterated that Plaintiff would need to be out of work on medical leave for the surgery and recovery.

32.     On or about August 7, 2023, in connection with her doctor, Plaintiff completed and submitted to Defendant's Absence Management Department required forms and documents related to her medical condition.

33.     On August 10, 2023, Plaintiff went out of work on an FMLA-protected medical leave of absence for her disability.

34.     Plaintiff was in regular contact with Gosik regarding her surgery and recovery.

35.     On August 17, 2023, in a letter from Juliette Barasch, Administrative Specialist, Absence Management, Defendant denied Plaintiff's FMLA leave.

36.     The stated reason was that Defendant had not received Plaintiff's Certification of Health Care Provider Form.

37.    The above letter also stated that Plaintiff had ten (10) days in which to submit the requested Certification of Health Care Provider Form.

38.    On August 17, 2023, following the above, Plaintiff called her doctor's office and confirmed that the completed Certification of Health Care Provider Form had been submitted to Defendant's Absence Management.

39.    On August 22, 2023, in text messages to Gosik, Plaintiff stated that she would need to remain out of work for the rest of the week due to her surgery and recovery.

40.    On August 25, 2023, in Plaintiff's post-operative appointment, her doctor did not clear Plaintiff to return to work and stated that Plaintiff needed to remain on medical leave until her next appointment on September 12, 2023.

41.    On August 25, 2023, following the above, in a phone call with Gosik, Plaintiff stated that her doctor had not yet cleared her to return to work and that Plaintiff needed to remain on medical leave until her next appointment on September 12, 2023.

42.    In the above phone call, Gosik asked Plaintiff if her doctor knew that Plaintiff worked from home.

43.    In response to Gosik's above question, Plaintiff said yes, and Plaintiff stated that, even with Plaintiff's doctor knowing that Plaintiff worked from home, her doctor still did not yet clear her to return to work.

44.    On August 28, 2023, in text messages to Toni Sinclair, Administrative Coordinator, Plaintiff stated that she was having complications, which required her to go to urgent care the previous week, and that she had left a voice message for Molly McCaffrey ("McCaffrey"), Leave Manager, Absence Management, requesting an extension for her doctor to submit her completed

Certification of Health Care Provider Form, as Plaintiff's doctor was on vacation, even though the completed Form had already been submitted to Defendant on August 9, 2023.

45.    On September 12, 2023, in her follow-up doctor's appointment, Plaintiff was cleared to return to work on October 2, 2023.

46.    On September 13, 2023, Plaintiff submitted to Defendant's Absence Management her doctor's letter, clearing her to return to work on October 2, 2023 without restrictions.

47.    On September 13, 2023, following the above, Plaintiff called McCaffrey and confirmed that her above doctor's letter had been received and would be forwarded to Gosik.

48.    On September 15, 2023, in a letter from Thomas Johnston ("Johnston"), Director, Worker's Compensation and Absence Management, he stated that Defendant had received Plaintiff's Fitness for Duty Form, stating that Plaintiff was cleared to return to work on October 2, 2023, but that Defendant had not yet received Plaintiff's completed Health Care Provider Form and, "[t]herefore, [Plaintiff's] record [wa]s considered closed."

49.    On September 18, 2023, in a phone call with McCaffrey, regarding the above letter Plaintiff received, Plaintiff stated that her doctor's office confirmed that they sent the completed Health Care Provider Form to Defendant's Absence Management.

50.    In response to the above, McCaffrey stated that Human Resources did not receive Plaintiff's Health Care Provider Form.

51.    McCaffrey also stated that Plaintiff's department was questioning whether Plaintiff intended to return to work.

52.    In response to the above, Plaintiff stated to McCaffrey that she intended to return to work, and Plaintiff told McCaffrey that she was returning to work on October 2, 2023, per the doctor's letter that she had submitted.

7

53.    Plaintiff also stated to McCaffrey that she did not understand why her return to work would be questioned, as Plaintiff had not told anyone or gave any indication that she was not returning to work.

54.    In response to the above, McCaffrey instructed Plaintiff to contact Gosik and submit a new FMLA request.

55.    McCaffrey also stated to Plaintiff that there was no guarantee that Plaintiff's request would be approved.

56.    On September 18, 2023, following the above, Plaintiff left a voice message for Gosik, stating that she was calling regarding her FMLA leave, and asked Gosik to call her back.

57.    On September 18, 2023, following the above, in a text message to Gosik, Plaintiff asked Gosik to call her back.

58.    Plaintiff did not receive any response to her above voice message or text message to Gosik.

59.    On September 20, 2023, in a text message from Sinclair, she stated that Gosik told her that Plaintiff was leaving her employment at Defendant.

60.    On September 21, 2023, Plaintiff received a letter dated September 19, 2023, from Johnston, stating that Defendant terminated her employment, effective September 19, 2023.

61.    The stated reason in the above letter was that Plaintiff had an unauthorized absence for three (3) consecutive days.

62.    The above letter falsely stated that Plaintiff had failed to contact her department to report her absences while Plaintiff's FMLA leave request was pending.

63. On September 21, 2023, following the above, in a phone call with Johnston, Plaintiff stated that she was confused about the termination letter that she received, and explained the above timeline.

64. In response to the above, Johnston instructed Plaintiff to send him a timeline of events leading up to Plaintiff's termination.

65. Plaintiff stated in response to Johnston's instruction that she would do so.

66. On September 25, 2023, in an attachment to an email to Johnston, Plaintiff outlined the above timeline of events leading up to her termination.

67. On September 28, 2023, in an email from Johnston, he stated that he concluded that Plaintiff's "termination is warranted for [Plaintiff's] failure to notify [her] department of [her] absences."

68. Plaintiff was terminated within less than two (2) weeks of her anticipated return to work from her medical leave of absence.

69. Plaintiff was the only employee reporting to Gosik who was terminated effective September 19, 2023.

70. Plaintiff was the only disabled[1] employee directly reporting to Gosik.

71. Plaintiff was the only employee directly reporting to Gosik who sought reasonable accommodations for a disability.[2]

72. Plaintiff had no performance or disciplinary issues throughout her employment with Defendant.

---

[1] References herein to an employee not having a disability are to the best of Plaintiff's knowledge and belief.
[2] References herein to an employee having requested reasonable accommodations for a disability are to the best of Plaintiff's knowledge and belief.

73.    Defendant did not offer Plaintiff a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating Plaintiff's employment.

74.    Before Plaintiff disclosed her disability and her need for medical leave as a reasonable accommodation for her disability, Plaintiff had no indication that her job was in jeopardy.

75.    Defendant assigned Plaintiff's job duties and responsibilities to non-disabled employees and/or employees who had not sought reasonable accommodations for a disability and/or had not sought medical leave.

76.    Plaintiff was more qualified and experienced to perform her job duties and responsibilities than the non-disabled employees and/or employees who had not sought reasonable accommodations for a disability and/or had not sought medical leave, to whom Plaintiff's job duties were assigned when Plaintiff was terminated.

77.    Defendant retained non-disabled employees and/or employees who had not sought reasonable accommodations and/or employees who had not sought medical leave in positions for which Plaintiff was more qualified.

78.    At all material times hereto, Plaintiff was disabled, and/or had a record of a disability, and/or was regarded as being disabled, within the meaning of the ADA, the PHRA, and the PFPO.

79.    Plaintiff's actual and/or perceived disability and/or record of impairment and requests for reasonable accommodations were motivating and/or determinative factors in connection with Defendant's discriminatory treatment of Plaintiff, including but not limited to, its termination of her employment.

80.    Plaintiff's seeking reasonable accommodations for her disability and/or taking medical leaves of absences for her disability were motivating and/or determinative factors in connection with Defendant's discriminatory and retaliatory treatment of Plaintiff, including but not limited to, its denial of any FMLA leave and its termination of her employment.

81.    Defendant failed to reasonably accommodate Plaintiff for her disability.

82.    Defendant failed to engage in any interactive process with Plaintiff to determine what accommodations were necessary and/or reasonable.

83.    Defendant has not demonstrated that it would have been an undue burden to provide Plaintiff with her requested accommodations and/or continue to engage in the interactive process regarding Plaintiff's return to work.

84.    Defendant terminated Plaintiff's employment while she was out of work on an FMLA-protected medical leave of absence.

85.    Defendant retaliated against Plaintiff for taking FMLA leave and interfered with her rights to FMLA leave as necessitated by her disability.

86.    Defendant has failed to provide a legitimate, non-discriminatory reason for Plaintiff's termination.

87.    Defendant's asserted reason for terminating Plaintiff's employment was pretextual.

88.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

89.    The conduct of Defendant, as set forth above, was willful under the circumstances and warrants the imposition of liquidated damages.

90.    Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights, and its conduct warrants the imposition of punitive damages.

91.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT I
## (VIOLATION OF THE ADA)

92.    Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

93.    By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADA.

94.    Defendant's violations of the ADA were intentional and willful, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

95.    As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has sustained the injuries, damages, and losses as set forth herein and has incurred attorneys' fees and costs.

96.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

97.    No previous application has been made for the relief requested herein.

## COUNT II

**(VIOLATION OF THE FMLA)**

98.     Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

99.     By committing the foregoing acts against Plaintiff, Defendant has violated the FMLA.

100.    Defendant, by terminating Plaintiff after she used protected leave and/or requested protected leave, discriminated and retaliated against Plaintiff in violation of the FMLA in order to deprive her of those rights.

101.    Defendant, by terminating Plaintiff's employment after she requested protected leave under the FMLA, interfered with, restrained and/or denied the exercise of Plaintiff's rights to FMLA leave.

102.    Said violations were willful, not in good faith and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, thereby warranting the imposition of liquidated damages.

103.    As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has sustained the injuries, damages, and losses as set forth herein and has incurred attorneys' fees and costs.

104.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein.

105.    No previous application has been made for the relief requested herein.

**COUNT III**
**(VIOLATION OF THE PHRA)**

106.     Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

107.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

108.     Said actions were intentional and willful.

109.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

110.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

111.     No previous application has been made for the relief requested herein.

**COUNT IV**
**(VIOLATION OF THE PFPO)**

112.     Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

113.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

114.     Defendant acted willfully and intentionally, and with malice and/or deliberate indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

115.     As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

116.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

117.    No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a.    declaring the acts and practices complained of herein to be in violation of the ADA;

b.    declaring the acts and practices complained of herein to be in violation of the FMLA;

c.    declaring the acts and practices complained of herein to be in violation of the PHRA;

d.    declaring the acts and practices complained of herein to be in violation of the PFPO;

e.    enjoining and restraining permanently the violations alleged herein;

f.    entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

g.    awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

h.    awarding compensatory damages to Plaintiff for past and future pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

i.    awarding punitive damages to Plaintiff under the ADA and the PFPO;

j.    awarding liquidated damages to Plaintiff under the FMLA;

k.      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees;

l.      awarding Plaintiff other such damages as are appropriate under the statutes that form the basis of this matter; and

m.      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

By:      _____
JONATHAN D. GILMAN, ESQ.
1525 Locust Street
Philadelphia, PA 19102
gilman@consolelaw.com (email)
(215) 545-7676 (office)
(856) 545-8211 (fax)

Dated: September 18, 2025                    *Attorneys for Plaintiff*

16

# Exhibit A

## CITY OF PHILADELPHIA
## PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## <u>COMPLAINT</u>

COMPLAINANT:

**ROCHELLE REYNOLDS**

v.

RESPONDENT:

**TEMPLE UNIVERSITY**

PcHR Docket No. 2024-02-29-16872
EEOC Docket No. 176-2024-00033

1. The Complainant herein is:

   Name:      Rochelle Reynolds

   Address:   redacted
              Philadelphia, PA 19126

2. The Respondent herein is:

   Name:      Temple University

   Address:   3420 North Broad Street
              Philadelphia, PA 19141

3. I, Rochelle Reynolds, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my disability (including history of and regarded as) and retaliation

because of my seeking reasonable accommodations for my disability, as set forth below.

### <u>Discrimination and Retaliation</u>

#### A. I specifically allege:

   [1]      I first began working at Respondent in October 2014.

   [2]      I consistently performed my job duties in a highly competent manner.

1

[3]        I last held the position of Clinical Contract and Budget Administrator.

[4]        I last reported to Karen Gosik, Director Clinical Research Administration.

Gosik reported to Joanne Cortese, Assistant Dean, Research Administration. Cortese reported to

Amy Goldberg, Dean of the Medical School.

[5]        In June 2023, I received an Exceeds Expectations performance review

rating.

[6]        On July 3, 2023, I learned that I would need to undergo foot surgery due

to bunions and a possible related foot condition.

[7]        In mid-July 2023, I informed Gosik of my need for foot surgery on August

9, 2023. I stated that I would be out of work on medical leave, due to the surgery and recovery,

and that I planned to return to work on August 21, 2023.

[8]        In late July 2023, my foot surgery was moved to August 10, 2023.

[9]        On or about July 31, 2023, I told Gosik that my foot surgery was moved to

August 10, 2023, and reiterated that I would need to be out of work on medical for the surgery

and recovery.

[10]       On or about August 7, 2023, in connection with my doctor, I completed

and submitted to Respondent's Absence Management Department required forms and documents

related to my medical condition.

[11]       On August 10, 2023, I went out of work on an FMLA-protected medical

leave of absence for my disability.

[12]       I was in regular contact with Gosik regarding my surgery and recovery.

[13]       On August 17, 2023, in a letter from Juliette Barasch, Administrative

Specialist, Absence Management, Respondent denied my FMLA leave. The stated reason was

2

that Respondent had not received my Certification of Health Care Provider Form. The letter stated that I had ten (10) days in which to submit the requested Certification of Health Care Provider Form.

[14]    On August 17, 2023, following the above, I called my doctor's office and confirmed that the completed Certification of Health Care Provider Form had been submitted to Respondent's Absence Management.

[15]    Oon August 22, 2023, in text messages to Gosik, I stated that I would need to remain out of work for the rest of the week due to my surgery and recovery.

[16]    On August 25, 2023, in my post-operative appointment, my doctor did not clear me to return to work and stated that I needed to remain on medical leave until my next appointment on September 12, 2023.

[17]    On August 25, 2023, following the above, in a phone call with Gosik, I stated that my doctor had not yet cleared me to return to work and that I needed to remain on medical leave until my next appointment on September 12, 2023. Gosik asked me if my doctor knew that I worked from home. I said yes, and stated that, even knowing that I worked from home, my doctor still did not yet clear me to return to work.

[18]    On August 28, 2023, in text messages to Toni Sinclair, Administrative Coordinator, I stated that I was having complications, which required me to go to urgent care last week, and that I had left a voice message for Molly McCaffrey, Leave Manager, Absence Management, requesting an extension for my doctor to submit my completed Certification of Health Care Provider Form, as my doctor was now on vacation, even though the completed Form had already been submitted to Respondent on August 9, 2023.

3

[19]      On September 12, 2023, in my follow-up doctor's appointment, I was cleared to return to work on October 2, 2023.

[20]      On September 13, 2023, I submitted to Absence Management my doctor's letter, clearing me to return to work on October 2, 2023 without restrictions.

[21]      On September 13, 2023, following the above, I called McCaffrey and confirmed that my above doctor's letter had been received and would be forwarded to Gosik.

[22]      On September 15, 2023, in a letter from Thomas Johnston. Director, Worker's Compensation and Absence Management. he stated that Respondent had received my Fitness for Duty form, stating that I was cleared to return to work on October 2, 2023, but that Respondent had not yet received my completed Health Care Provider Form and, "[t]herefore, [my] leave record [wa]s considered closed."

[23]      On September 18, 2023, in a phone call with McCaffrey, regarding the above letter that I received, I stated that my doctor's office confirmed that they sent the completed Health Care Provider Form to Absence Management. She stated that Human Resources did not receive my Health Care Provider Form. She stated that my department was questioning whether I intended to return to work. I stated that I intended to return to work, and I told her that I was returning to work on October 2. 2023. per the doctor's letter that I had submitted. I stated that I did not understand why my return to work would be questioned. as I had not told anyone or gave any indication that I was not returning to work. She instructed me to contact Gosik and submit a new FMLA request. She stated that there was no guarantee that my request would be approved.

[24]      On September 18, 2023, following the above, I left a voice message for Gosik. stating that I was calling regarding my FMLA leave, and asked her to call me back.

4

[25]     On September 18, 2023, following the above, in a text message to Gosik, I
asked her to call me back.

[26]     I did not receive any response to my above voice message or text message
to Gosik.

[27]     On September 20, 2023, in a text message from Sinclair, she stated that
Gosik told her that I was leaving my employment at Respondent.

[28]     On September 21, 2023, I received a letter dated September 19, 2023,
from Johnston, stating that Respondent terminated my employment, effective September 19,
2023. The stated reason was that I had an unauthorized absence for three (3) consecutive days.
The letter falsely stated that I had failed to contact my department to report my absences while
my FMLA leave request was pending.

[29]     On September 21, 2023, following the above, in a phone call with
Johnston, I stated that I was confused about the termination letter that I received, and explained
the above timeline. He instructed me to send him a timeline of events leading up to my
termination. I stated that I would.

[30]     On September 25, 2023, in an attachment to an email to Johnston, I
outlined the above timeline of events leading up to my termination.

[31]     On September 28, 2023, in an email from Johnston, he stated that he
concluded that my "termination is warranted based on [my] failure to notify [my] department of
[my] absences."

[32]     I was terminated within less than two (2) weeks of my anticipated return
to work from my medical leave of absence.

5

[33]    I was the only employee reporting to Gosik who was terminated effective September 19, 2023.

[34]    I was the only disabled[1] employee directly reporting to Gosik.

[35]    I was the only employee directly reporting to Gosik who sought reasonable accommodations for a disability.

[36]    I had no performance or disciplinary issues throughout my employment with Respondent.

[37]    I was provided with no opportunity to remain employed with Respondent.

[38]    Before I disclosed my disability and my need for medical leave as a reasonable accommodation for my disability, I had no indication that my job was in jeopardy.

[39]    Respondent terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability.

[40]    Respondent terminated my employment while I was out of work on an FMLA-protected medical leave of absence.

[41]    Respondent assigned my job duties to nondisabled employees and/or employees who had not sought reasonable accommodations for a disability. I was more qualified and experienced to perform my job duties than the nondisabled employees who had not sought reasonable accommodation for a disability to whom my job duties were assigned.

[42]    Respondent retained nondisabled employees and/or employees who had not sought reasonable accommodations in positions for which I was more qualified.

[43]    Respondent's disability discriminatory and retaliatory conduct toward me has caused me emotional distress.

---

[1] References herein to an employee not having a disability and/or having requested reasonable accommodations for a disability are to the best of my knowledge.

6

[44]      Respondent's comments and conduct evidence a bias against disabled employees and/or employees who seek reasonable accommodations for a disability.

**B.** Respondent has discriminated against me because of my disability (including history of and regarded as) and retaliated against me for seeking reasonable accommodations for my disability in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101. *et seq.* ("PFPO").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    **X**      **Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.***
    **("PFPO"), Section __9-1103__ .**

5. Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    **X**      **This charge will be referred to the EEOC for the purpose of dual**
    **filing.**

6. The Complainant seeks that Respondents be required to:

    a) Make the Complainant whole.

    b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

    c) Remedy the discriminatory effect of past practice(s) and procedure(s).

    d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

7

e)   Provide such further relief as the Commission deems necessary and appropriate.

## **VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904. relating to unsworn falsification to authorities.

February 27, 2024                    *Rochelle Reynolds*

                                     Rochelle Reynolds
                                     redacted
                                     Philadelphia, PA 19126

10

# Exhibit B



## PHILADELPHIA COMMISSION ON HUMAN RELATIONS

---

### DISMISSAL AND NOTICE OF RIGHTS

---

**To:**
**Emily R. Derstine-Friesen, Esq.**
**Console Mattiacci Law**
**1525 Locust Street, 9th Floor**
**Philadelphia, PA 19102**

**From:**
**Philadelphia Commission on Human Relation**
**601 Walnut Street**
**Suite 300 South**
**Philadelphia, PA 19106**
**215-686-4670 (p) 215-686-4684 (f)**

**PCHR Complaint No.: 2024-02-29-16872**

**Date of Commission Decision: 12/20/2024**

**Re: Rochelle Reynolds v. Temple University**

The Philadelphia Commission on Human Relations (PCHR) is closing its file on this complaint as:

**Charge Not Substantiated**. This means the PCHR is unable to conclude that the information obtained through our investigation establishes a violation of the Philadelphia Fair Practices Ordinance. This does not certify that the Respondent is in compliance with the Philadelphia Fair Practices Ordinance. No finding is made as to any other issues that might be construed as having been raised by this complaint.

On behalf of the Commission.

---

### NOTICE OF RIGHTS

Since your charge was filed under Title VII of the Civil Rights Act, Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA), which is enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request a Substantial Weight Review (SWR) to the EEOC to review this action. To secure a review, you must request the review in writing **within fifteen (15) days** of your receipt of this letter. This request should be sent to: Equal Employment Opportunity Commissions, Philadelphia District Office, State & Local Investigator/Coordinator, Penthouse – Suite 1300, 801 Market Street, Philadelphia, PA 19107, or via email at PHLStateandLocal@eeoc.gov

You may file a lawsuit against the respondent(s) under the Philadelphia Fair Practices Ordinance based on this complaint in the Philadelphia Court of Common Pleas. Your lawsuit must be filed **WITHIN TWO (2) YEARS** from your receipt of this Notice or your right to sue based on this complaint will be lost. (If your complaint was dual-filed under federal law with the U.S. Equal Employment Opportunity Commission, the time limit for filing suit based on your federal law claims may be different. You will receive a **separate notice** from the EEOC regarding your federal suit rights.)

---

Name

12-26-24

Date

# Exhibit C

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   Ms. Rochelle Reynolds
redacted
PHILADELPHIA, PA 19126

**Re:**   Ms. Rochelle Reynolds v. Temple University
EEOC Charge Number:  17G-2024-00033

EEOC Representative and email:    State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination:  EEOC has accorded substantial weight to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  7/10/2025

Karen McDonough
Deputy District Director

cc:     For Respondent                         For Charging Party
Dimitri Mavroudis Esq.                  Emily R Derstine Friesen Esq.
Temple University                       Console Mattiacci Law
1330 W. Polett Walk                     1525 Locust Street, 9th  Floor
Philadelphia, PA 19122                  Philadelphia, PA 19102